FIFTH DIVISION
SEPTEMBER 22, 2006

1-04-2612

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No.  01 CR 27205 |
| | ) | |
| JESSE GALAN, | ) | Honorable |
| | ) | Fred G. Suria, |
| Defendant-Appellee. | ) | Judge Presiding. |
| | ) | |
| | ) | |
| | ) | |

JUSTICE TULLY delivered the opinion of the court:

On October 11, 2001, defendant-appellee, Jesse Galan (defendant), was arrested in the State of Indiana by Chicago police officers.  Following his arrest, defendant was indicted and charged with both possession with intent to deliver more than 900 grams of cocaine and possession with intent to deliver more than 5,000 grams of cannabis.  Prior to trial, defendant filed a motion to quash arrest and suppress evidence.  Following an evidentiary hearing, the circuit court denied defendant's motion to quash arrest and suppress evidence.

Defendant filed a motion to reconsider the denial of his motion to quash arrest and suppress evidence.  In his motion to reconsider, defendant contended that his arrest was unlawful in that the arrest occurred in the State of Indiana and the Chicago police officers disregarded Indiana's fresh pursuit law.  Specifically, defendant argued that the Chicago police officers disregarded the portion of Indiana's fresh pursuit statute that requires out-of-state police officers

who effect an arrest inside the State of Indiana to bring the person arrested before an Indiana judge for a hearing regarding the lawfulness of the arrest. Ind. Code Ann, § 35-33-3-2 (LexisNexis 1998). The circuit court agreed that the Chicago police officers disregard of Indiana's fresh pursuit law rendered defendant's arrest unlawful and, as such, the circuit court quashed defendant's arrest and suppressed the evidence obtained contemporaneous with and subsequent to the unlawful arrest. For the reasons that follow, we affirm.

FACTS

On October 11, 2001, defendant was traveling in his truck from Chicago, Illinois, toward Indiana. Defendant, who was traveling south on Indianapolis Boulevard, stopped his truck at a tollbooth inside the State of Indiana. Chicago police officers were following defendant as he traveled toward Indiana after surveillance of defendant inside Illinois had raised suspicions that defendant was involved in selling large quantities of illegal drugs. While he was stopped at the tollbooth inside the State of Indiana, defendant was suddenly surrounded by a group of plain-clothed Chicago police officers, all of whom had their guns drawn and pointed at defendant. The Chicago police officers ordered defendant to exit his truck and defendant was placed in handcuffs. Defendant's truck was searched and two boxes of marijuana were seized.

The Chicago police officers then placed defendant in a Chicago police car and removed defendant from the State of Indiana and returned him to the State of Illinois. The Chicago police officers brought defendant to his parents' home, located at 8521 South Burley Avenue in Chicago, Illinois, where they conducted a search. During the search of defendant's parents' home, Chicago police officers recovered two pistols, three kilos of cocaine, and approximately

1-04-2612

$10,000 in cash. Following his arrest, defendant was indicted and charged with possession with intent to deliver more than 900 grams of cocaine and possession with intent to deliver more than 5,000 grams of cannabis.

Prior to trial, defendant filed a motion to quash arrest and suppress evidence, which, following an evidentiary hearing, the circuit court denied. Defendant, however, filed a motion to reconsider the denial of the motion to quash arrest and suppress evidence. In his motion to reconsider, defendant emphasized that his arrest by Chicago police officers occurred inside the State of Indiana. Defendant asserted that his arrest was unlawful and the evidence obtained by the Chicago police officers should be suppressed and his arrest should be quashed because the arrest was not conducted in accordance with section 35-33-3-2 of Indiana's fresh pursuit statute, which provides:

"If an arrest is made in [the State of Indiana] by an officer of another state [in fresh pursuit of a felon], *he shall, without unnecessary delay*, *take the person arrested before a judge of the county in which the arrest is made*. The judge shall conduct a hearing for the purpose of determining the lawfulness of the arrest. If the judge determines that the arrest was lawful, he shall commit the person arrested to await for a reasonable time the issuance of an extradition warrant by the governor of [Indiana]. If the judge determines the arrest was unlawful, he shall discharge the person arrested." (Emphasis added.) Ind. Code Ann, § 35-33-3-2 (LexisNexis 1998).

Since the Chicago police officers never brought defendant before an Indiana judge in the Indiana county in which defendant was arrested as directed by the statute, defendant contended

3

that the arrest was illegal. The circuit court granted defendant's motion to reconsider and defendant's arrest was quashed and the evidence obtained both contemporaneous with and subsequent to his illegal arrest was suppressed. Following the entry of the circuit court's order quashing the arrest and suppressing the evidence, plaintiff-appellant, the People of the State of Illinois (the State), filed this timely appeal.

## DISCUSSION

When reviewing a trial court's ruling on a motion to suppress evidence and quash arrest, reviewing courts apply a deferential standard of review to the trial court's factual determinations and credibility assessments, reversing those findings only for manifest error. People v. Sorenson, 196 Ill. 2d 425, 431 2001. As to the ultimate legal question of whether the evidence should be suppressed and the arrest should be quashed, however, de novo review is appropriate. People v. Pitman, 211 Ill. 2d 502, 512 2004. In this case, our review of the trial court's decision on the motion to quash and suppress rests on legal questions  whether Chicago police officers' disregard of Indiana's fresh pursuit statute when making an arrest inside the State of Indiana renders the arrest unlawful and, if so, whether the remedy for the unlawful arrest is quashing the unlawful arrest and suppressing the evidence obtained as a result of the unlawful arrest. Accordingly, our review is de novo.       On appeal, the State first contends that the circuit court erred because the State's disregard of Indiana's fresh pursuit statute (Ind. Code Ann, § 35-33-3 (LexisNexis 1998)) when it arrested defendant in Indiana did not render defendant's arrest unlawful. We disagree.

Section 35-33-3-1 of Indiana's fresh pursuit statute, which addresses the circumstances under which a non-Indiana police officer may enter the state of Indiana and make an arrest, states:

*Any member of a duly organized state, county or municipal peace unit of another state who enters this state in fresh pursuit, and continues within Indiana in such fresh pursuit of a person in order to arrest him on ground that he is believed to have committed a felony in the other state, shall have the same authority to arrest and hold such person in custody as has any law enforcement officer of this state to arrest and hold in custody a person on the ground that he is believed to have committed a felony in this state. Ind. Code Ann. § 35-33-3-1 LexisNexis 1998 .*

*In addition, section 35-33-3-2 of Indiana's fresh pursuit statute addresses the steps that must be taken by an out-of-state police officer who makes an arrest inside the state of Indiana and states*

*"If an arrest is made in Indiana by an officer of another state in accordance with the provisions of section 1 of this chapter, he shall, without unnecessary delay, take the person arrested before a judge of the county in which the arrest was made. The judge shall conduct a hearing for the purpose of determining the lawfulness of the arrest. If the judge determines that the arrest was lawful, he shall commit the person arrested to await for a reasonable time the issuance of an extradition warrant by the governor of Indiana . If the judge determines that the arrest was unlawful, he shall discharge the person arrested. Emphasis added. Ind. Code Ann. § 35-33-3-2 LexisNexis 1998 .*

The parties agree that, in compliance with *section 35-33-3-1 of Indiana's fresh pursuit statute*, the Chicago police were properly in fresh pursuit of defendant, whom the Chicago police believed had committed a felony. Furthermore, the parties agree that defendant was arrested in Indiana and, contrary to section *35-33-3-2 of Indiana's fresh pursuit statute*, he was not brought "before a judge of the county in which the arrest [was] made for the purpose of determining the lawfulness of the arrest." *Ind. Code Ann. § 35-33-3-2* (LexisNexis

1-04-2612

1998).

While the State agrees that the Chicago police officers failed to comply with section **35-33-3-2** of Indiana's fresh pursuit statute in that they failed to bring defendant before a judge in the Indiana county in which defendant was arrested, the State asserts that the arrest was not unlawful because the Chicago police officers had "appropriate statutory authority" to make the arrest of defendant. In addition, the State contends that the Chicago police officers' disregard of section **35-33-3-2** of Indiana's fresh pursuit statute did not amount to an unlawful arrest in that it constituted "harmless error" because it is likely that if the Chicago police officers had complied with Indiana's fresh pursuit statute, the Indiana judge would have determined that the arrest was lawful. We cannot agree with the State's arguments.

In People v. Jacobs, 67 Ill. App. 3d 447 (1979), the Third District considered the propriety of an arrest of an Illinois citizen by Illinois police officers that occurred inside the State of Iowa. Like Indiana, Iowa had enacted the Uniform Fresh Pursuit Law, which required that, "an out-of-State police officer, after effecting an arrest, shall without unnecessary delay take the person arrested before a magistrate of the county in which the arrest was made, who shall conduct a hearing for the purpose of determining the lawfulness of the arrest." Jacobs, 67 Ill. App. 3d at 449-50, citing Iowa Code §756.1 (1946). The court reasoned that, pursuant to Iowa's fresh pursuit statute, the Illinois police officers were permitted to follow the Illinois citizen into the State of Iowa and arrest him since they believed the defendant had committed a number of felonies. Jacobs, 67 Ill. App. 3d at 449-50. The court held, however, that the defendant's arrest was illegal because the Illinois police officers failed to bring the defendant before a magistrate in

6

the Iowa county in which the arrest was made and, therefore, "the Illinois police officers had no authority to arrest [the defendant] in the State of Iowa." Jacobs, 67 Ill. App. 3d at 449.

We agree with the reasoning of the Third District in People v. Jacobs, 67 Ill. App. 3d at 447, and, applying the holding in that case to the facts of this case, we conclude that defendant's arrest was unlawful. In this case, the Chicago police officers blatantly disregarded the portion of Indiana's fresh pursuit statute that requires out-of-state police officers to bring a person arrested before an Indiana judge who "shall conduct a hearing for the purpose of determining the lawfulness of the arrest." We conclude that the Chicago police officers had no inherent authority to effect an arrest in Indiana; rather, the Chicago police officers' authority to make an arrest in Indiana was derived from Indiana's fresh pursuit statute and the authority provided by the Indiana statute is conditioned by the requirement that an accused shall be brought before an Indiana judge for a determination of the lawfulness of the arrest. Accordingly, under the rationale of People v. Jacobs, 67 Ill. App. 3d at 447, which we endorse, defendant's arrest was unlawful.

Since we have concluded that the Chicago police officers lacked proper statutory authority to effect a lawful arrest since they disregarded the Indiana fresh pursuit statute, we next address whether the circuit court's choice of remedy was correct. The State asserts that the circuit court erred when it quashed the arrest and suppressed the evidence. We disagree.

In People v. Carrera, 203 Ill. 2d 1 (2002), our supreme court affirmed this court's order suppressing evidence the police obtained during the course of an unlawful extraterritorial arrest. The defendant lived in Franklin Park, Illinois, and was arrested at his home by Chicago police

7

officers. The Chicago police officers conducted surveillance of the defendant's home in Franklin Park and, based on the surveillance, the Chicago police officers suspected the defendant was in possession of a controlled substance. The Chicago police officers effected their extraterritorial arrest of the defendant in Franklin Park, Illinois. In effecting their arrest of defendant, the Chicago police officers relied on an Illinois statute that permitted extraterritorial arrests but which was, subsequent to the defendant's arrest, held to be unconstitutional. The State argued that because the Illinois statute at issue had not been declared unconstitutional at the time of the defendant's arrest, the exclusionary rule should not apply. Specifically, the State contended that the good-faith exception to the exclusionary rule applied because the Chicago police officers did not violate the defendant's substantive constitutional rights in effecting the arrest. In affirming our decision that the defendant's motion to suppress should be granted because Chicago police did not have proper statutory authority to arrest the defendant in Franklin Park, Illinois, our supreme court stated that "Illinois law is settled that the exclusionary rule is applicable where the police effectuate an extraterritorial arrest without appropriate statutory authority." Carrera, 203 Ill. 2d at 11.

As stated above, in this case, the Chicago police officers did not have appropriate statutory authority to arrest defendant inside the State of Indiana since they disregarded the only authority that would permit non-Indiana police to effect an arrest inside the State of Indiana. As our supreme court has stated, when the police effect an unlawful extraterritorial arrest, as was the case with defendant's arrest inside the State of Indiana, "the exclusionary rule is applicable." Carrera, 203 Ill. 2d at 11. We conclude, therefore, that the circuit court correctly granted

1-04-2612

defendant's second motion to quash and suppress.

In addition to our supreme court's holding in People v. Carrera, 203 Ill. 2d at 1 and the Third District's decision in People v. Jacobs, 67 Ill. App. 3d at 447 in which both courts determined that suppression of evidence was a proper remedy in the face of an unlawful extraterritorial arrest by Illinois police officers, other jurisdictions have adopted a similar approach, requiring suppression under analogous circumstances. *See, e.g., United States v. Holmes, 380 A.2d 598 D.C. 1977 affirming the suppression of evidence where the defendant was not taken before a judge as required by the District of Columbia s Uniform Act on Fresh Pursuit D.C. Code §23--901 1973 Commonwealth v. Sadvari, 561 Pa. 588, 752 A.2d 393 2000 suppressing evidence because Pennsylvania police officers, who arrested the defendant inside the State of Delaware, failed to comply with Delaware s fresh pursuit statute, which required the Pennsylvania police officers to bring the defendant before a justice of the peace in the Delaware county in which the arrest was made Commonwealth v. Savage, 430 Mass. 341, 719 N.e.2d 473 1999 excluding evidence related to defendant s driving under the influence violation where the police officer acted without statutory or common law authority in making an extraterritorial stop .*

In sum, we conclude that when the Chicago police officers disregarded Indiana's fresh pursuit statute's directive that an out-of-state police officer present the person arrested to an Indiana judge for review of the lawfulness of an arrest effected in Indiana, the Chicago police officers acted in the absence of appropriate statutory authority and, therefore, the arrest was unlawful. Furthermore, we confirm that application of the exclusionary rule is appropriate when Illinois police officers effectuate an extraterritorial arrest without appropriate statutory authority. See Carrera, 203 Ill. 2d at 11. In addition to the support we find for our conclusion in the

9

decisions of both Illinois's courts and other jurisdictions' courts, we believe that application of the exclusionary rule under circumstances such as those presented by this case is necessary in that a contrary interpretation would render empty the mandate of the Indiana fresh pursuit statute.

## CONCLUSION

For the forgoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.